CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 18 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL IRA NEWMAN, <br>     Plaintiff, | Civil Action No. 7:09-cv-00005 |
| v. | **MEMORANDUM OPINION** |
| BLUE RIDGE REGIONAL JAIL <br>     AUTHORITY, et al., <br>     Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

    Daniel Ira Newman, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Newman alleges that staff at a local correctional facility violated his constitutional rights. This matter is presently before me for screening. After reviewing the record, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

    Newman alleges the following relevant facts. In April 2007, Sergeant Shelton falsely accused Newman of property damage for having an ink pen in the sink and placed Newman in isolation. Jail officials transferred Newman to the Moneta Adult Detention Center ("Moneta") to serve the last ten days of his sentence. Newman alleges that his transfer to Moneta, which he claims is "a very nice place," proves that his disciplinary charge for having an ink pen in the sink was cruel and unusual punishment and officials transferred him as an apology.

    The guards only flush inmates' toilets once at night, and Newman had to eat dinner with the aroma of a dirty toilet. Officers confiscated Newman's personal artwork. Sergeant Shelton and other people beat and maced an old man before placing him in the "black chair" because the old man wanted to die and continually banged his bruised head against a wall for two and a half

weeks. Newman requests $2.5 million in compensatory damages.

The court conditionally filed the action and advised Newman that he failed to state a claim upon which relief may be granted. The order was returned to the court as undeliverable, and the court resent the order to two possible forwarding addresses. Newman received the order and submitted a letter requesting joinder of Sergeant Shelton and Administrator Black as defendants to this action. (Letter (docket #8) 1-2.) I construe the letter as Newman's first motion to amend and grant it under Federal Rule of Civil Procedure 15(a).

II.

A.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's grounds for relief "requires more than labels and conclusions. . . ." Id. Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107

2

F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). Newman fails to state a claim against the Lynchburg Adult Detention Center and Blue Ridge Regional Jail Authority because neither of these entities is a "person" subject to suit under § 1983. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992) (reasoning local jails are part of the Commonwealth of Virginia and are not appropriate defendants in § 1983 actions). Newman also lacks standing to bring suit against the defendants on behalf of the allegedly beaten man. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) (holding that standing requires injury, causation, and redressability); Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997) (same). Newman did not suffer any injury nor would any award to Newman compensate the other man.

B.

To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must establish that the deprivation of a basic human need was objectively "sufficiently serious" and the prison official subjectively acted with deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991); see Estelle v. Gamble, 429 U.S. 97, 104 (1976) (describing deliberate indifference in the context of medical care). Deliberate indifference requires a a prison official to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844;

3

see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that a prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

Newman fails to establish any sufficiently serious condition to implicate Eighth Amendment protection. Without more facts, a working toilet that emits a smell when a prison official flushes it fails to state a deprivation of a basic human need. Furthermore, Newman fails to establish any connection between the flushing toilet and defendants Black and Shelton. Therefore, Newman fails to state an Eighth Amendment claim upon which relief may be granted.

C.

To establish a due process claim, an inmate must demonstrate that he was deprived of "life, liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Newman fails to allege any deprivation of a life, liberty, or property interest for his disciplinary conviction and subsequent assignment to segregation.

Assuming that Newman had a protected interest in his artwork while in custody, he has not alleged that the deprivation resulted from established state procedures. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). Moreover, although due process requires a pre-deprivation hearing where loss of property results from established state procedures, see id., pre-deprivation process cannot reasonably be required where the property loss results from the random, unauthorized act of a prison official. See Parratt v. Taylor, 451 U.S. 527, 541 (1981) (concluding that an inmate did not possess a viable § 1983 claim where the deprivation of his property resulted from the unauthorized failure of state agents to follow established procedure); Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (holding that a loss of liberty or property

4

resulting from mere negligence did not constitute a deprivation within the meaning of the Due Process Clause). In such circumstances, due process is satisfied by the availability of an adequate state post-deprivation remedy. Parratt, 451 U.S. at 541. The Virginia Tort Claims Act, Va. Code §§ 8.01-195.1, et seq., and Virginia tort law constitute adequate post-deprivation state remedies. Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985).

Newman fails to identify any person responsible for taking his artwork. Newman also fails to allege that an official deprived him of property pursuant to any established state procedure. Moreover, Newman has an adequate state post-deprivation remedy under Virginia law for any negligent or intentional taking. Therefore, Newman fails to state a due process claim upon which relief may be granted. After reviewing Newman's amended complaint, I find that Newman fails to state a claim upon which any relief may be granted.

III.

For the foregoing reasons, I grant Newman's first motion to amend and dismiss his amended complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 18th day of May, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge